165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lamar CHAPMAN, III, Plaintiff-Appellant,
v.
VILLAGE OF MATTESON, an Illinois Municipal Corporation, Dale
K. Graham, in his individual capacity, and
Patricia A. Backus, in her individual
capacity, Defendants-Appellees.
 No. 98-2074.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1998*.
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 C 1168, 97 C 1222. Charles R. Norgle, Sr., Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Lamar Chapman III sued the Village of Matteson, Dale K. Graham, and Patricia Backus under 42 U.S.C. §§ 1983 and 1985. The district court dismissed the suit pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied Chapman's motion for reconsideration of the dismissal. The court then awarded attorneys' fees to the defendants, and Chapman filed a notice of appeal. Chapman's notice of appeal was not filed timely with respect to the district court's orders entering judgment and denying reconsideration. Accordingly, on August 25, 1998, we dismissed the appeal except with respect to the district court's order granting attorney's fees to the defendants. We now affirm the award of attorneys' fees.
 
 
 2
 In 1995, Chapman, Graham, and Backus sought nomination for the position of Village Trustee of Matteson. Chapman filed objections to Graham's and Backus's nomination petitions. In response, the Election Board of the Village of Matteson conducted a hearing on the objections and determined that the petitions were valid. Over Chapman's objection, the Village President, refused to disqualify himself from the Board's decision, despite the fact that the Village President had helped circulate the petitions for Graham and Backus. The Board's decision was affirmed by Illinois trial and appellate courts. See Chapman v. Village of Matteson, No. 1-95-0858 (Ill.App.Ct.1998). Chapman then brought the underlying suit under §§ 1983 and 1985 alleging that the Village had a policy of permitting Board members who were not impartial to review objections, and that the defendants thereby engaged in a conspiracy to deprive him of due process in hearing his objections. Upon the defendants' motion, the district court dismissed Chapman's suit for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 3
 The only issue on appeal is whether the district court abused its discretion in awarding the defendants $2,500 in attorneys' fees. See Miller v. Artistic Cleaners, 153 F.3d 781, 784 (7th Cir.1998). Under 42 U.S.C. § 1988(b), the district court, in its discretion, may allow the prevailing party in a civil rights action to recover reasonable attorney's fees. Hyde v. Small, 123 F.3d 583, 584 (7th Cir.1997). We owe a high degree of deference to the district court's award of fees because (1) it is essentially a factual matter over which the district court has a superior understanding; (2) the need to achieve uniformity in awarding attorney's fees is not compelling enough to justify a higher level of scrutiny; and (3) this deference "assist[s] us in avoiding satellite litigation solely over fees." Miller, 153 F.3d at 784 (citing Estate of Borst v. O'Brien, 979 F.2d 511, 514 (7th Cir.1992)). See also Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).
 
 
 4
 Chapman argues that the district court should not have imposed fees against him as a pro se plaintiff who had been granted leave to proceed in forma pauperis. However, a district court has the power to award defendants attorney's fees in civil rights actions, and although rare, a court may impose fees against a plaintiff proceeding in forma pauperis. See Hughes v. Rowe, 449 U.S. 5, 14-16, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). As this court has opined that " '[w]e think it is clear ... that a district court may assess costs against an unsuccessful in forma pauperis litigant." ' McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir.1994) (quoting Weaver v. Toombs, 948 F.2d 1004 (6th Cir.1991)). Because the district court had the power to award the defendants attorneys' fees, the sole question is whether the decision was proper in this case.
 
 
 5
 To be allowed fees under § 1988, a prevailing defendant must prove that the plaintiff's " 'claim was frivolous, unreasonable, or groundless." ' Hamer v. County of Lake, 819 F.2d 1362, 1366 (7th Cir.1987) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). See also Howe, 449 U.S. at 15; Vukadinovich v. McCarthy, 59 F.3d 58, 61 (7th Cir.1995). The defendant need not show that the plaintiff acted in either subjective or objective bad faith in order to recover attorney's fees. Christiansburg, 434 U.S. at 421. The district court did not abuse its discretion in finding that Chapman's complaint was unreasonable and without foundation. Chapman's claims were groundless and were not ones of first impression. Rather, Chapman already had the opportunity to litigate the same allegations in Illinois courts, and his claims were rejected. The Illinois appellate court specifically rejected Chapman's claim that the Village President should have been disqualified from the objection hearing. Instead, it held that he was a proper member of the Board whose participation in the hearing was appropriate. Finally, as the district court noted, Chapman in responding to the defendants' motion for attorneys' fees did not even argue that his suit was reasonable or meritorious.
 
 
 6
 The district court properly reviewed the defendants' billing records, which identified the billing attorneys, and described the tasks performed, the amount of time spent on each task, and the issues addressed. The court then reduced the fees for work associated with vacating a default judgment entered against the defendants, duplicative work, excessive time, and messenger service costs. See Hensley, 461 U.S. at 430 n. 3; Jaffee v. Redmond, 142 F.3d 409, 413 (7th Cir.1998). The court found that the defendants' requested fee amount of $6,532.65 should be reduced to $5,015.15. The court next considered Chapman's pro se status and further reduced the award to $2,500. See Pryzina v. Ley, 813 F.3d 821, 823 (7th Cir.1987).
 
 
 7
 Chapman also challenges two district court decisions relating to the defendants' motion for attorneys' fees. First, he asserts that the district court improperly prompted the defendants to file a motion for attorneys' fees. The court did give notice that "[i]f defendant intends to file a motion for attorney fees as the prevailing party in a civil rights suit ... it shall do so on or before 12/18/97." Rather than prompting the defendants, the district court order simply set a schedule for efficient case management if the defendants chose to proceed under § 1988. Second, Chapman argues that the district court should not have allowed the defendants to amend their motion after he objected to it. The court, however, merely ordered the defendants to submit an itemized list of fees and costs, "[i]n light of Plaintiff's objections and the court's inability to determine the reasonableness of Defendants' requested award." The district court's request for more specific information was necessary in order to complete its obligation under § 1988 to determine whether the request was generally reasonable. Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1351 (7th Cir.1995).
 
 
 8
 Because the district court did not abuse its discretion in awarding the defendants $2,500 in attorney's fees, the district court's award of fees is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)