**In re: Lamar CHAPMAN III,
Debtor–Appellant,**

**Lamar Chapman, III, Plaintiff–
Appellant,**

**v.**

**Charles Schwab & Co., Inc., et al. Defendants–Appellees.**

No. 02–2532.

**Bankruptcy No. 00 B 05538.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Nov. 5, 2002.

Rehearing En Banc Denied
Nov. 26, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Lamar Chapman III, a prolific pro-se litigant, appeals from the bankruptcy court's grant of summary judgment in favor of the defendants on Chapman's adversary complaint. Chapman does not dispute the correctness of the summary judgment ruling, but instead asserts only that the bankruptcy court erred by denying him a two-day extension to respond to the defendants' motion for summary judgment. We find this argument frivolous and dismiss this appeal.

Chapman filed for Chapter 13 bankruptcy in February 2000, and shortly thereafter initiated an adversary proceeding against Charles Schwab & Co., Inc., and Schwab employees Steven Murphy and Craig Louie seeking the release of over $47,000 in Chapman's Asset Management account. Schwab had frozen Chapman's account after determining that he had endorsed and deposited three checks into the account without the authorization of the payor or payee of the checks. The defendants filed a motion for summary judgment in June 2001, along with a Statement of Uncontested Material Facts and supporting documentation in accordance with N.D. Ill. Bankruptcy Rule 402(M). On June 19 the bankruptcy court entered a briefing schedule giving Chapman until July 10 to file his response and supporting materials pursuant to N.D. Ill. Bkr. R. 402(N). On July 10, Chapman filed an emergency motion for an extension of time to file his response, and the bankruptcy court granted an extension to July 16; Chapman falsely asserts in his brief that the bankruptcy court "denied the Plaintiff's first and only Motion for Extension of Time."

On July 16 Chapman moved to strike the defendants' affidavits in support of their motion for summary judgment, but he did not file a response to the summary judgment motion. On July 24 Chapman filed a motion for an extension of time to file a reply in support of his motion to strike, but once again he failed to respond to the motion for summary judgment. The bankruptcy court denied Chapman's motion to strike and granted the defendants' motion for summary judgment. Chapman filed a motion to reconsider, which was also denied, and then appealed to the district court. The district court affirmed the bankruptcy court's grant of summary judgment and denied a motion to reconsider filed by Chapman. He then timely appealed to this court.

Chapman argues that the bankruptcy court abused its discretion by denying him a two-day extension to respond to the defendants' motion for summary judgment. But this is the same argument he made in the district court, and we find it frivolous. An appeal is frivolous when the "result is foreordained by the lack of substance to the appellant's arguments,'" *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965, 969 (7th Cir.2000) (quoting *Mars Steel Corp. v. Continental Bank, NA*, 880 F.2d 928, 938 (7th Cir.1989) (en banc)), such as when an appeal does nothing more than rehash positions that the district court properly rejected, *Berwick Grain Co. v. Ill. Dept. of Agric.*, 217 F.3d 502, 505 (7th Cir.2000). Chapman does nothing more than rehash an argument that he lost in the district court, and he has not shown that the bankruptcy court abused its discretion by denying his motion for an extension of time. Fed.R.Civ.P. 6(b); *Smith v. Severn*, 129 F.3d 419, 424–25 (7th Cir. 1997); *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir.

1998). Accordingly, we dismiss this appeal as frivolous.

APPEAL DISMISSED.