ORDER
Lamar Chapman III is a prolific pro se litigant, having at last count filed more than forty actions in the Illinois state and federal courts over the past decade. See Chapman v. Charles Schwab & Co., Nos. 01 C 9697, 00 A 0358, and 00 B 5538, 2002 WL 818300 at *6, n. 1 (N.D.Ill. April 30, 2002). Exasperated by Chapman’s litigiousness, the Executive Committee of the United States District Court for the Northern District of Illinois recently imposed restrictions on his filings. We approved those restrictions in In re Chapman, No. 02-3752, 2003 WL 21027119 (7th Cir. May 8, 2003). In this appeal, Chapman challenges a district court’s affirmance of a bankruptcy court’s judgment sanctioning him for discovery abuses. These abuses occurred during adversary proceedings through which Chapman sought the release of funds that Charles Schwab had frozen after a drawee bank dishonored a $40,000 check Chapman had endorsed and deposited but which was not actually made out to him. We have already dismissed as frivolous Chapman’s appeal from the grant of summary judgment to the defendants in the adversary proceedings. See In Re Chapman, 50 Fed.Appx. 322 (7th Cir.2002). We now likewise affirm the judgment sanctioning him.
Chapman’s obstreperousness in this case dates back to his first response to discovery requests tendered by the defendants, who sought among other information details regarding Chapman’s acquisition and asserted ownership of the $40,000 check. Chapman objected to all but two of the defendants’ requests .to admit, claiming *955 that the requested admissions were either irrelevant or privileged. He also failed to answer several interrogatories and objected to most of the defendants’ requests for document production. Upon receiving Chapman’s laconic responses, the defendants moved to compel him to divulge the requested information and documents; attached to this motion was a motion for sanctions. The bankruptcy court granted only the motion to compel, withholding its judgment on sanctions. Chapman failed to comply with the motion to compel. Instead, he filed incomplete answers to the requests to admit, failed to provide certain documents, and responded to interrogatories with answers that the bankruptcy court thought were either incomplete or improper. Again the court ordered Chapman to comply with discovery. Again, Chapman failed to provide all relevant documents and fully respond to the defendants’ queries, leaving the basis on which he claimed ownership of the $40,000 check a mystery.
Although these repeated failures to comply with the court’s orders warranted sanctions all by themselves, see, e.g., Johnson v. Commissioner of Internal Revenue, 289 F.3d 452, 456 (7th Cir.2002) (failure to comply with discovery orders evidenced “bad faith” and justified sanctions); In re Golant, 239 F.3d 931, 936 (7th Cir.2001) (dismissal of case appropriate sanction for failure to comply with discovery orders), there was more. On November 21, 2000, the defendants filed a motion to extend time for discovery; Chapman’s dilatory tactics had convinced them that they would be unable to obtain necessary information before the scheduled close of discovery on December 29, 2000. On November 27, 2000, the parties and the court agreed to an order extending discovery until at least January 21, 2001. Then, at a status hearing on January 9, 2001, the district court, concerned that the defendants had been unable to obtain complete information from Chapman through interrogatories, suggested that Chapman be deposed. Chapman agreed to a deposition, averring that he was “available all the time.” But on January 18, the day before his properly noticed deposition, Chapman wrote the defendants arguing that discovery was already closed and that their notice of deposition was therefore invalid. He did not attend his January 19 deposition.
After this episode the bankruptcy court’s patience ended. On January 22, 2001, it announced from the bench that it would sanction Chapman under Federal Rule of Bankruptcy Procedure 7037-which adopts Federal Rule of Civil Procedure 37-by ordering him to pay attorneys’ fees and denying his pending motion for summary judgment, which the court found to be meritless in any event. On February 28, 2001, the court entered an order granting the defendants $1,669.50 in fees as sanctions, but it reserved entering a final judgment on the sanctions award until after the whole of the adversary proceeding had terminated. In August 2001 the court granted the defendants’ motion for summary judgment, terminating the adversary proceeding in the bankruptcy court. On November 6, 2001, the bankruptcy court entered a final judgment on sanctions. Chapman appealed both of those judgments to the district court, which affirmed the grant of summary judgment on May 13, 2002, and the sanctions award on September 3, 2002.
Chapman now appeals from the district court’s judgment on sanctions, arguing that the bankruptcy court abused its discretion in disciplining him. See Golant, 239 F.3d at 936 (sanctions reviewed for abuse of discretion). His arguments are, however, frivolous. He contends, first, that the bankruptcy court did not make an explicit finding that he acted wilfully, in *956 bad faith, or was otherwise at fault before sanctioning him. See Melendez v. Illinois Bell Telephone Co., 79 F.3d 661, 671 (7th Cir.1996) (wilfulness, bad faith, or fault required before imposition of Rule 37 sanctions). But as we have explained, explicit findings on these points are preferred, not necessary; we will affirm sanctions where the court makes only an implicit finding of wilfulness or bad faith or fault. See Golant, 239 F.3d at 936. That’s what happened here: before ordering sanctions, the court orally discussed Chapman’s history of “evading and avoiding” compliance with the discovery process, including his failure to appear for his deposition. In recounting that history, the court implicitly found that Chapman was at least at fault for not complying with discovery. See id. (relating litigant’s history of disobeying court’s orders was implicit finding of bad faith or wilfulness).
Chapman’s next argument is equally frivolous. He contends that sanctioning him is unjust because, proceeding pro se, he is untrained in the intricacies of procedure. But after filing forty-some cases, Chapman can hardly claim to be unfamiliar with court procedure. And even if he were a less experienced pro se litigant, he would not be entitled to flout the rules of procedure or court-imposed deadlines. See, e.g., Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996). The award of sanctions against him is therefore
AFFIRMED.