**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2009[*]
Decided March 31, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2781

| | |
|---|---|
| LAMAR C. CHAPMAN, III, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 02 C 6581 |
| EXECUTIVE COMMITTEE of the United | |
| States District Court for the Northern | James F. Holderman, |
| District of Illinois, | *Chief Judge.* |
| *Defendant-Appellee.* | |

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

No. 08-3020

LAMAR C. CHAPMAN, III,                    Appeal from the United States District
        *Plaintiff-Appellant,*          Court for the Northern District of Illinois,
                                        Eastern Division.

        *v.*

                                          No. 1:07-cv-07232

VILLAGE OF HINSDALE et al.,
        *Defendant-Appellee.*          George W. Lindberg,
                                          *Judge.*

No. 08-3551

LAMAR C. CHAPMAN, III,                    Appeal from the United States District
        *Plaintiff-Appellant,*          Court for the Northern District of Illinois,
                                        Eastern Division.

*v.*

                                        No. 1:07-cv-05411

VILLAGE OF FRANKLIN PARK et al.,
        *Defendant-Appellee.*          Samuel Der-Yeghiayan,
                                          *Judge.*

**ORDER**

       Lamar Chapman is a vexatious pro se litigant who currently has three appeals before us. In 2002, the Executive Committee of the United States District Court for the Northern District of Illinois entered an order requiring that it screen and approve all of Chapman's filings in the district court (except those relating to criminal or habeas corpus proceedings) before the district would accept his submissions. *See In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003). Although the Committee denied several of Chapman's requests to file new cases, at least two suits were allowed to go forward, both involving Chapman's allegations of mistreatment by law enforcement officers. In June 2008 the Committee concluded that Chapman's repeated attempts to file new suits had become too burdensome and ordered the clerk for the Northern District of Illinois to destroy any further filings. The Committee also gave Chapman permission to seek modification of its order after six months had passed. Chapman now challenges that order along with the district court's dismissal of two suits that had survived the Committee's screening. We consolidate the three cases for appeal and affirm in each case.

### A.  The Executive Committee's June 2008 Order.

At last count, Chapman, who describes himself as having an "insatiable and inexhaustible passion" for what he calls "public interest litigation," has filed more than forty suits in the state and federal courts of Illinois.  *See Chapman v. Charles Schwab & Co.,* 2002 WL 818300 at *6-12 (N.D. Ill. April 30, 2002).  He has previously filed at least ten appeals in this court, many of them frivolous.  *See In re Chapman*, 328 F.3d 903 (7th Cir. 2003); *Chapman v. Currie Motors*, 65 F.3d 78 (7th Cir. 1995); *Chapman v. Stricker*, 81 Fed. App'x. 77 (7th Cir. 2003); *Chapman v. Charles Schwab & Co.,* 67 Fed. App'x. 953 (7th Cir. 2003); *In re Chapman,* 50 Fed. App'x. 322 (7th Cir. 2002); *In re Chapman,* 49 Fed App'x. 636 (7th Cir. 2002); *Chapman v. Vill. of Matteson*, No. 98-2074 (7th Cir. Nov. 25, 1998) (unpublished order); *Chapman v. State of Illinois,* No. 96-1254 (7th Cir. Oct. 10, 1996) (unpublished order); *Chapman v. Burton Berger & Assocs.*, No. 93-3525 (7th Cir. Nov. 21, 1994) (unpublished order); *Chapman v. State of Illinois,* No. 92-1285 (7th Cir. Dec. 18, 1992) (unpublished order).  And he has two more appeals pending beyond the three we resolve today.

The Executive Committee's injunction in 2002, which required a case-by-case screening of all filings, failed to deter Chapman from trying to file more frivolous suits. Between 2005 and 2008, he submitted eight requests for leave to file new suits, all arising from either the Committee's order or facts disputed in the other two appeals we address today.  The Committee, acknowledging the ineffectiveness of its earlier injunction, proposed a sweeping filing bar:

> IT IS HEREBY ORDERED That Mr. Lamar Chapman's filing practices have become burdensome to the Executive Committee, consuming resources of the Court and the clerk's office, and
>
> IT IS FURTHER ORDERED That the clerk is directed to destroy any papers submitted either directly or indirectly by or on behalf of Lamar Chapman. Cases in existence prior to the entry of this order are not affected by this order and shall proceed as usual, and
>
> IT IS FURTHER ORDERED That Lamar Chapman is authorized to submit to this court, no earlier than six months from the date of this order, a motion to modify or rescind this order[.]

On appeal, Chapman generally challenges this order, characterizing it as an absolute filing bar that denies him meaningful access to the courts.  The Committee's order is judicial rather than administrative, and so we have jurisdiction to review it.  *In re Chapman*, 328 F.3d

at 904.  We review a district court's filing restrictions for an abuse of discretion.  *See Miller v. Donald,* 541 F.3d 1091, 1096 (11th Cir. 2008); *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 187 (5th Cir. 2008); *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004); *DeLong v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir. 1990).

As we noted in Chapman's appeal of the Executive Committee's earlier filing bar, the right of access to federal courts is not absolute.  *In re Chapman*, 328 F.3d at 905; *see also United States ex rel. Verdone v. Cir. Ct. for Taylor County*, 73 F.3d 669, 674 (7th Cir. 1995).  Courts have ample authority to curb abusive filing practices by imposing a range of restrictions.  *See In re Anderson,* 511 U.S. 364, 365-66 (1994); *Baum,* 513 F.3d at 187; *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir. 2007); *Support Sys. Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995); *In the Matter of Davis,* 878 F.2d 211, 212 (7th Cir. 1989); *Procup v. Strickland,* 792 F.2d 1069, 1071 (11th Cir. 1986).  A filing restriction must, however, be narrowly tailored to the type of abuse, *see Miller,* 541 F.3d at 1096-1100; *Andrews,* 483 F.3d at 1077; *Support Sys. Int'l,* 45 F.3d at 186, and must not bar the courthouse door absolutely, *see Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1996); *Davis,* 878 F.2d at 212; *Procup,* 792 F.2d at 1071.  Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices. *See Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1061 (9th Cir. 2007), *cert. denied*, 129 S. Ct. 594 (2008) (upholding order that prevented plaintiff from filing complaints under the ADA without prior approval from district court); *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1299 (11th Cir. 2002) (approving district court's order that enjoined plaintiff from filing suits against a particular defendant without first obtaining leave from court); *Davis,* 878 F.2d at 212-13 (upholding order restricting plaintiff from filing any suit without permission from district court); *see also Support Sys. Int'l,* 45 F.3d at 186 (noting that "perpetual orders are generally a mistake" and enjoining plaintiff, with some exceptions, from filing papers until he paid sanctions).  On the other hand, courts have rejected as overbroad filing bars in perpetuity.  *See Miller,* 541 F.3d at 1096-99 (injunction permanently preventing plaintiff from obtaining in forma pauperis status was overbroad); *Cromer,* 390 F.3d at 819 (striking down as overbroad order preventing plaintiff from ever again filing documents in a particular case); *Ortman*, 99 F.3d at 810-11 (order permanently preventing plaintiff from filing civil suits arising from same facts as current suit was overbroad); *Cok v. Fam. Ct. of Rhode Island,* 985 F.2d 32, 34-35 (1st Cir. 1993) (finding overbroad injunction preventing plaintiff from ever again filing pro se suits); *Delong,* 912 F.2d at 1148 (order permanently preventing plaintiff from filing any papers in a particular district court was overbroad); *Procup,* 792 F.2d at 1071 (injunction preventing plaintiff from filing suits pro se in perpetuity was overbroad).

Reviewing the Committee's order deferentially, we believe that its filing bar—albeit more restrictive than the bars we have previously examined, *see Chapman,* 328 F.3d at 905-06; *Davis,* 878 F.2d at 212—is in line with bars approved by other courts.  Under the

Committee's order, Chapman may request review of the filing bar in six months. The order is thus not an absolute bar, since it contains a provision under which the restriction may be lifted. *See, e.g., Support Sys. Int'l,* 45 F.3d at 186 (barring plaintiff from filing new suits unless he paid sanctions and permitting him to request review of filing bar in two years); *Verdone,* 73 F.3d at 674-75 (same). The filing bar is also narrowly tailored to Chapman's abuse of the courts. The Committee was justified in imposing a more restrictive filing bar because previous, less stringent filing restrictions have failed to deter Chapman from filing frivolous and repetitive lawsuits. *See Baum,* 513 F.3d at 188 (sua sponte modification of filing injunction was permissible where litigant continued to engage in abusive litigation practices after initial injunction was issued); *Riccard,* 307 F.3d at 1298-99 (district court properly expanded scope of injunction where plaintiff had tried to evade filing restrictions). We therefore conclude that the Executive Committee did not abuse its discretion in imposing a more restrictive filing bar.

### B. Chapman's Suit against the Village of Hinsdale.

This civil suit, which was dismissed as untimely, arises from Chapman's failure to appear to serve a six-month sentence on forged securities charges. *See* 18 U.S.C. § 513(a). On April 8, 2005, federal agents, together with members of the Village of Hinsdale Police Department, attempted but failed to apprehend Chapman and, according to Chapman, instead illegally entered, ransacked, and burglarized his home. Chapman says that he promptly reported the incident to the Hinsdale police, only to be told that they would not investigate his complaints. Chapman, who is black, further insists that both the burglary and the Police Department's inaction were on account of his race.

On April 19, 2007, more than two years later, Chapman asked the Executive Committee for permission to sue the Village of Hinsdale, the Hinsdale Police Department, three Hinsdale police officers, and a Treasury Department agent for a host of constitutional violations as well as two Illinois tort claims. The Committee granted Chapman leave to file suit, and the defendants moved to dismiss because the two-year statute of limitations had passed. In response, Chapman claimed for the first time that he had actually filed suit on April 9, 2007, the last possible day (April 8 was a Sunday): he explained that he had mailed his complaint to the district court for the District of Columbia on April 9 and, even though that court had rejected the complaint because it did not conform to its formatting requirements, nonetheless April 9th was the relevant date for the limitations inquiry. However, he provided no supporting documents showing that he had filed suit in a different district, nor does the docket of the District Court for the District of Columbia reflect any such filing. The district court thus rejected this theory, ruled that Chapman's federal claims were time-barred, and declined to exercise pendant jurisdiction over his state-law claims.

On appeal, Chapman renews his contention that he filed suit on April 9, 2007 and argues that the district court erred in ruling that the action was time-barred, a decision we review de novo. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008), *pet'n for cert. filed* (U.S. Jan. 29, 2009) (No. 08-978). But even if Chapman is right that he filed his suit on April 9 (a claim for which there is no support), that date of filing would not survive a move to a different venue unless the case was transferred rather than dismissed and refiled. *See* 28 U.S.C. § 1406; *Continental Ins. Co. v. M/V Orsula,* 354 F.3d 603, 607-08 (7th Cir. 2003) (noting that the effect of transfer is to preserve the initial filing date for purpose of the statute of limitations). Chapman never attempted to transfer venue and so his argument is unavailing.

In another, somewhat confusing attempt to circumvent the statute of limitations, Chapman appears to contend that his claim actually accrued on January 17, 2006—the date stamped on the final warrant for his arrest for failing to appear for sentencing. Initially, we note that Chapman neglected to press this theory before the district court and so it has been forfeited. *See Hicks v. Midwest Transit, Inc.,* 500 F.3d 647, 652 (7th Cir. 2007). Even if he had preserved the argument, however, it would be frivolous: the warrant for his arrest in 2006 has nothing to do with the alleged burglary and police inaction nearly a year earlier.

Chapman finally argues that the district court erred in dismissing his claims against the Treasury Department agent because she never answered his complaint. The agent probably did not respond to Chapman's complaint because, as the district court observed, it was unclear that she had been served properly. But in any event, she was not required to file an answer before the district court ruled on the statute of limitations question. Although a limitations period is ordinarily an affirmative defense, *see* FED. R. CIV. P. 8(c), a court may nonetheless dismiss a complaint like Chapman's that is indisputably time-barred even if the defendant has not submitted an answer. *See* FED. R. CIV. P. 12(b)(6); *Andonissamy v. Hewlett-Packard Co.,* 547 F.3d 841, 847 (7th Cir. 2008). We therefore affirm the dismissal of Chapman's suit.

**C. Chapman's suit against the Village of Franklin Park.**

Chapman's third case, which stems from yet another botched attempt to apprehend him for failing to appear to serve his sentence, is a largely frivolous § 1983 suit—against a different police department—that the district court dismissed for failure to state a claim. In June 2005, several months after the Hinsdale police tried to arrest Chapman, two officers of the Village of Franklin Park Police Department stopped him as he was driving away from a grocery store in a Mercedes. After learning that the Mercedes was registered in someone else's name, the officers told Chapman that they had a warrant for his arrest and took him and the car to the police station. In their search of the car, the officers found documents that

bore the name of Motor Werks of Barrington, Inc.  When they contacted the company, a Motor Werks employee explained that he had never heard of Chapman and that the company had certificate of title to the Mercedes.  Chapman characterizes all this as a hoax; he says that the employee lied to the officers, who in turn fabricated a false police report declaring that Motor Werks held certificate of title.

Chapman was charged with possession of a stolen motor vehicle and criminal trespass to property.  At the probable-cause hearing the next morning, Camp testified that the Mercedes had been reported as stolen.  Chapman was transferred to the Cook County jail pending trial where, he says, prison officials placed him in a violent unit, denied him medication, and prevented him from calling a lawyer.  Prison officials also allegedly confined him in a cell shared by an inmate suffering from a contagious form of tuberculosis.  Chapman was ultimately convicted of felony possession of a stolen vehicle and sentenced to three years in prison, where he was, at long last, arrested for failing to appear at sentencing for the federal forged securities charges.

After his release from prison, Chapman filed the present suit, alleging that the Village of Franklin Park, the police officers, Motor Werks, and its employee had conspired to wrongfully arrest and imprison him in violation of, among other things, his Fourth Amendment and equal-protection rights.  The district court dismissed the suit, concluding that the officers had probable cause for arrest; that Chapman had not identified any policy or custom of Franklin Park that would give rise to municipal liability; that he had not stated facts that could support an equal-protection claim; and that in the absence of any other constitutional violations, his conspiracy claim had to be dismissed as well.  On appeal, Chapman challenges that decision.  We review a dismissal under Rule 12(b)(6) de novo and construe the complaint in the light most favorable to Chapman.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Chapman first argues that the district court should have denied a motion to quash service filed by one of the police officers because an affidavit in support of the motion contained a factual error—it mistakenly dated the beginning of the officer's employment after Chapman's arrest instead of before it.  But this argument is irrelevant.  When the officer began his employment has nothing to do with whether Chapman served him properly.

Chapman next argues that the district court should have concluded that his arrest violated the Fourth Amendment because the warrant for his arrest was not signed by a judge and therefore could not supply probable cause.  *See* FED. R. CRIM. P. 4(d)(1)(D) (warrants must be signed by a judge).  It is true that the copy of the warrant Chapman attached to his complaint was not signed by a judicial officer.  But even if Chapman is right

that the warrant was invalid (something we doubt; the docket in Chapman's criminal case reflects that Judge Zagel issued a bench warrant), the officers had probable cause to arrest him anyway based on the stolen car. *See Kunz v. Defelice,* 538 F.3d 667, 682 (7th Cir. 2008); *United States v. Evans,* 27 F.3d 1219, 1228-1229 (7th Cir. 1994). And probable cause is an absolute defense to liability for wrongful arrest under § 1983. *See Wagner v. Washington County,* 493 F.3d 833, 836 (7th Cir. 2007).

Chapman also generally challenges the district court's dismissal of his equal-protection and conspiracy claims as well as his claim under *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658 (1978), on the theory that the court relied on unspecified facts outside the complaint to dismiss these claims—facts which, he says, could be found only at summary judgment. But the court dismissed these claims because the complaint itself failed to state a claim, not because external facts undermined the complaint. *See* FED. R. CIV. P. 8(a)(2); *Ineos Polymers, Inc. v. BASF Catalysts,* 553 F.3d 491, 497 (7th Cir. 2009).

Chapman next argues that the district court prematurely dismissed his claim that he was entitled to punitive damages against the Village of Franklin Park; in his view the record was not developed enough to dismiss these claims at the pleading stage and so that determination should also have been reserved for summary judgment. This argument is frivolous. Except for limited exceptions not relevant here, a municipality may not be held liable for punitive damages under 42 U.S.C. § 1983. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Graham v. Sauk Prairie Police Comm'n,* 915 F.2d 1085, 1090 (7th Cir. 1990).

Finally, Chapman makes a confusing argument that the district court should not have dismissed the Fourth Amendment and conspiracy claims against Motor Werks and its employee because he adequately alleged that they made a false police report. The claims were properly dismissed, however, because those defendants are not state actors. *See Burrell v. City of Mattoon,* 378 F.3d 642, 649 (7th Cir. 2004). And private actors, such as the Motor Werks defendants, act under color of law only if they conspire with state actors. *See Thurman v. Vill. of Homewood,* 446 F.3d 682, 687 (7th Cir. 2006). There is no one left with whom Motor Werks could have conspired because the court properly concluded that none of the state actors violated Chapman's constitutional rights.

**D. Sanctions.**

We affirm the district court's decisions in all three of Chapman's appeals.  However, because Chapman has continued his frivolous litigation in this court as well as the district court, we also now order him to show cause within 14 days why he should not be sanctioned for pursuing these frivolous appeals. *See* FED. R. APP. P. 38.  If Chapman does not respond by the deadline or does not pay any sanction the court might assess, he will be barred from filing papers in any court within the circuit until he pays all outstanding fees and sanctions.  *See In re: City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Mack*, 45 F.3d 185.

AFFIRM.