In the Matter of Larry DAVIS,
Petitioner–Appellant.

Nos. 89–1711, 89–8044.

United States Court of Appeals,
Seventh Circuit.

Submitted June 20, 1989.

Decided July 10, 1989.

Larry Davis, Chicago, Ill., pro se.

Anton R. Valukas, U.S. Atty., Chicago, Ill., for appellee.

Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.

PER CURIAM.

From November 12, 1985, through March 1, 1989, petitioner Larry Davis filed at least thirty-one separate civil actions in the District Court for the Northern District of Illinois, Eastern Division. All were filed pro se and sought in forma pauperis status. About twenty-seven of these cases can be divided into four groups: (1) six cases concerning Davis' eviction from his apartment; (2) fourteen cases concerning Davis' arrest and detention; (3) four cases concerning his discharge from employment; and, (4) three cases concerning the termination of Davis' public assistance payments.

These cases are repetitive because Mr. Davis does not adhere to nor acknowledge the doctrine of res judicata. When Davis is unsuccessful with one of his cases, he simply files a new lawsuit. Because of the random assignment of newly-filed cases, it took some time until Davis' approach to litigation was noted. A hallmark of Mr. Davis' pleadings is the use of scurrilous attacks upon judges, counsel, parties, and nonparties. Mr. Davis' district court filings are replete with wholly unsupported claims of racial bias and bribery. Mr. Davis has continued his attacks in this court.

In the face of Mr. Davis' thirty-one cases, the district court's five-judge Executive Committee entered an order regulating Davis' future filings:

> THE EXECUTIVE COMMITTEE, in its capacity as the supervisor of the assignment of cases, hereby orders that the following procedures be implemented with respect to any proceedings filed or re-filed by Larry Davis:
>
> 1) The clerk shall create and maintain a miscellaneous file with the general title "In the matter of Larry Davis." The miscellaneous file shall serve as the repository of this order, all documents proffered for filing by Mr. Davis covered by the terms of this order for which authority to file is not granted, and any order or minute order entered pursuant to this order. The clerk will also maintain a miscellaneous docket associated with the file. All orders retained in the file will be entered on that docket following standard docketing procedures. A brief entry will be made on the docket indicating the receipt of any materials from Mr. Davis.
>
> 2) Any materials Mr. Davis wishes to proffer for filing shall be delivered to Room 2050 in the Office of the Clerk. Only the clerk or deputies specifically

designated by him may accept such documents.

3) Whenever Mr. Davis proffers a document for filing, the clerk or the designated deputy shall accept the papers, stamp them received and forward them to the Executive Committee.

4) The Executive Committee will examine any documents proffered by Mr. Davis and determine whether or not they should be filed and, if Mr. Davis seeks leave to proceed *in forma pauperis,* whether such leave should be granted. The Committee will deny leave to file the documents if they are merely duplicative of matters already litigated or currently pending or are legally frivolous.

5) If the Executive Committee enters an order denying leave to file the materials, the clerk shall retain the order and a copy of the materials in the miscellaneous file and cause a copy of the order to be mailed to Mr. Davis.

6) If the Executive Committee enters an order granting leave to file the materials, the clerk will cause the materials to be stamped filed as of the date of the order and shall cause the assignment of the case in the manner provided by local General Rule 2.22(a) [2.22(A)]. The clerk shall also cause a copy of the order to be mailed to Mr. Davis.

IT IS FURTHER ORDERED That the clerk shall cause a copy of this order to be mailed to Mr. Davis at 8223 South Marquette, Chicago, IL 60617, the address given by Mr. Davis in the papers filed in 89 C 1595. Such mailing shall be by certified or registered mail, return receipt required.

*In re Davis,* No. 89 C 2557, Order of the Executive Committee at 9–10 (N.D.Ill., E.D. Mar. 29, 1989).[1] Mr. Davis appeals from this order. We affirm.

" 'Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.' " *In re McDonald,* —— U.S.

——, 109 S.Ct. 993, 996 n. 8, 103 L.Ed.2d 158 (1989) (quoting *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984)). This court has exercised that power, as reflected in two recent opinions, *Lysiak v. C.I.R.,* 816 F.2d 311 (7th Cir.1987) (per curiam) and *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983). In each of these cases, this court was faced with an individual engaged in a pattern of frivolous litigation. In both, regulatory injunctions were entered. *See Lysiak,* 816 F.2d at 313; *Green,* 699 F.2d at 367, 370. The district court's thorough and well-crafted injunction is wholly consistent with those entered by this court and by other appellate courts. *See generally Urban v. United Nations,* 768 F.2d 1497 (D.C.Cir. 1985); *Martin–Trigona,* 737 F.2d 1254 (affirming district court injunction); *In re Green,* 598 F.2d 1126 (8th Cir.1979). The district court's order does not bar the courthouse door to Davis; indeed, such absolute bars have been rejected as violative of constitutional and statutory rights of access to the courts. *See, e.g., In re Green,* 669 F.2d 779 (D.C.Cir.1981). *Cf. In re McDonald,* —— U.S. ——, 109 S.Ct. 993 (absolute bar on extraordinary writs); *In re Green,* 598 F.2d 1126 (absolute bar on petitions for writ of mandamus challenging the regularity of district court proceedings). In *Green,* the district court entered an injunction flatly forbidding the filing of any more documents by Green. Later, the district court amended its order to allow the filing of new actions by Green provided he first paid the $100.00 filing fee. The District of Columbia Court of Appeals vacated these orders. In their stead, the appellate court set out an order regulating the filing of Green's documents and new cases. 669 F.2d at 787. That order, as does the immediate order, allowed for the threshold review of a litigant's documents to ensure that those documents are neither duplicative nor frivolous. Such an injunction is a sensible and constitutional means

---

1. The Executive Committee's order sets out in detail the duplicative and frivolous nature of the

vast majority of Mr. Davis' cases and filings.

of dealing with a litigant intent upon pressing frivolous litigation.

The Executive Committee's immediate injunction does not preclude or even unduly burden Davis from submitting a new, nonfrivolous complaint or nonfrivolous filings. It requires only that his future actions be original, an idea not inconsistent with res judicata, and his filings be nonfrivolous. *See* 699 F.2d at 370. We can discern no flaw in such an approach.

AFFIRMED.[2]

---

2. During the pendency of this appeal, Davis requested a stay of the Executive Committee's order. Because we approve that order, Davis' motion for stay is denied.