937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anabel McCUTCHEON, Plaintiff-Appellant,
v.
NEW YORK STOCK EXCHANGE ARBITRATION COMMISSION, et al.,
Defendants-Appellees.
In The Matter of Anabel McCUTCHEON, Plaintiff-Appellant.
 Nos. 89-2610, 90-2503.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided July 11, 1991.
Rehearing Denied Sept. 25, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Anabel McCutcheon filed a suit in the district court alleging, as nearly as can be discerned, illegal and unconstitutional activities by defendants concerning her securities accounts, an arbitration agreement, and previous lawsuits. The court granted defendants' motion to dismiss because the action constituted an attempt by McCutcheon to collaterally attack prior decisions, and because her challenges were without any basis in law. In its order, the court recommended that McCutcheon be enjoined from filing further actions in the district court based upon her history of frivolous litigation in that court. Acting upon that recommendation, the Executive Committee issued an order enjoining McCutcheon from filing any complaint in the United States District Court for the Northern District of Illinois without first submitting the complaint to the Executive Committee. We have joined, for the purpose of disposition, McCutcheon's appeal from the order of the district court and the order of the Executive Committee.
 
 
 2
 In her complaint in the district court, McCutcheon argued that some of the defendants engaged in "churning" and other fraudulent activities involving securities accounts. In previous state and federal court cases, however, McCutcheon raised similar challenges regarding the same accounts. Those courts determined that McCutcheon had to first submit her claims to arbitration. McCutcheon cannot now relitigate that issue through yet another action in federal court. Moreover, McCutcheon attempts to challenge the validity of the arbitration agreement in this action. Once again, any challenges to the arbitration agreement had to be brought in the earlier actions in which the arbitration issue was decided. McCutcheon cannot collaterally attack those decisions at this time. Similarly, any challenges by McCutcheon to the earlier court cases involving her dismissal as principal are not properly before this court.
 
 
 3
 McCutcheon also engages in numerous attacks upon various judges and magistrates throughout her complaint and brief in this court, although only Magistrate Bucklo and Judge Siegan appear to be included as defendants in this action. Her claims regarding those individuals are barred under the doctrine of judicial immunity. McCutcheon's allegations concern the actions of Magistrate Bucklo and Judge Siegan in the performance of their judicial functions, and they are absolutely immune from suit on grounds arising from those actions. See John v. Barron, 897 F.2d 1387, 1391 (7th Cir.1990).
 
 
 4
 At other points in her brief, McCutcheon asserts that actions by various defendants operated to deprive her of her right to a speedy and fair trial. This claim is similarly without merit. First, only criminal defendants have a right to a "speedy trial," and McCutcheon is attacking only civil cases. Furthermore, McCutcheon has alleged no violation of due process in the district court's treatment of this complaint or in the Executive Committee's decision, and those actions are the only orders on appeal to this court.
 
 
 5
 Included in McCutcheon's litany of claims are allegations of fraud and misrepresentation in her previous cases. Although Fed.R.Civ.P. 60(b) recognizes the possibility of an independent action for fraud on the court, the allegations in McCutcheon's complaint do not state a viable claim of fraud on the court. The alleged misrepresentations concerned information available to McCutcheon at the time of the suits, and often focused on disputed issues in those cases. The court's decision to credit the defendant's arguments of fact or law does not transform those arguments and issues into misrepresentations and fraud. Therefore, McCutcheon's allegations do not state a claim of fraud on the court.
 
 
 6
 Finally, the district court refused to exercise pendent jurisdiction over McCutcheon's claim that actions by various attorneys violated state ethical rules. "The general rule is that when the federal claims are dismissed before trial, the district court should relinquish jurisdiction over any pendent state-law claim rather than resolve it on the merits." Martin-Trigona v. Champion Federal Savings & Loan Assoc., 892 F.2d 575, 578 (7th Cir.1989). The court may exercise pendent jurisdiction under some circumstances even though the federal claims are dismissed at an early stage, but the court in this case declined to do so. see Martin-Trigona, 892 F.2d at 578; Bieneman v. City of Chicago, 864 F.2d 463, 470 (7th Cir.1988) (delineating some exceptions to the general rule). We find no error in the court's decision not to exercise pendent jurisdiction over the claims regarding state ethical rules.
 
 
 7
 In this appeal, McCutcheon also challenges the decision of the Executive Committee enjoining her from filing any complaint in the district court without the permission of that Committee. That injunction was imposed as a result of McCutcheon's history of duplicative litigation in that court, which is documented at length in Judge Holderman's order recommending the injunction. In the last thirteen years, McCutcheon has filed twenty-one lawsuits in the United States District Court for the Northern District of Illinois, and has filed sixteen appeals to this court as well as six petitions for certiorari to the United States Supreme Court. In addition, McCutcheon has filed numerous lawsuits in state court during the same period of time. Those suits reveal a pattern in which McCutcheon challenges an allegedly illegal action, the court ultimately dismisses the challenge, and McCutcheon then repeatedly files separate actions alleging the same challenges and naming judges, magistrates, clerks, or attorneys who participated in the earlier suits. With respect to those individuals, McCutcheon alleges a conspiracy to deprive her of her rights, and/or alleges fraudulent behavior in the earlier suits. At various points in this process, McCutcheon seeks review of her claims in this court and in the United States Supreme Court. This pattern continues even though McCutcheon is informed that her claims are without merit and are barred by the doctrine of res judicata. This pattern of repetitive, frivolous litigation and her refusal to acknowledge the legitimacy of rulings against her provides ample basis for the Executive Committee's decision to enjoin her from further duplicative filings.
 
 
 8
 We upheld a nearly identical injunction in In the Matter of: Larry Davis, 878 F.2d 211 (7th Cir.1989). Davis, like McCutcheon, had engaged in repetitive, frivolous litigation characterized by complete disregard for the principles of res judicata and scurrilous attacks upon judges, counsel and other individuals. 878 F.2d at 211. The injunction was upheld because it did not create an absolute bar on access to the court, but merely screened out duplicative and frivolous filings. 878 F.2d at 212-13. Similarly, the injunction imposed upon McCutcheon provides for threshold review of her filings in order to eliminate repetitive challenges, but does not constitute an absolute bar to the courtroom. Under the injunction, the Executive Committee may deny McCutcheon leave to file any complaint in which the issues have already been adjudicated. The order explicitly states that it shall not be construed to affect McCutcheon's ability to defend herself in a criminal proceeding, to file petition for a writ of habeas corpus or other extraordinary writ, or to appeal to this court or the Supreme Court. Because the injunction is based upon a history of duplicative litigation and precludes only the filing of further repetitive complaints, the injunction represents a proper exercise of the Executive Committee's authority.
 
 
 9
 Finally, defendants Janet Reali and Smith Barney, Harris Upham & Co. seek Rule 38 sanctions against McCutcheon for her pursuit of a frivolous appeal. Defendants Elaine E. Bucklo and Gary Sultz also filed briefs characterizing the appeal as frivolous, but did not expressly request an award of sanctions. Because this court may consider sanctions on its own motion in appropriate cases and because McCutcheon was put on notice of the possibility of Rule 38 sanctions, we consider the appropriateness of sanctions for all defendants. See Weinstein v. University of Illinois, 811 F.2d 1091, 1098-99 (7th Cir.1987).
 
 
 10
 Despite the court's thorough analysis of McCutcheon's claims and its determination that the claims were frivolous and duplicative, McCutcheon raised the same conglomeration of claims on appeal. McCutcheon does not address the bases upon which the complaint was dismissed; instead, she rehashes the same claims that she has asserted in numerous other cases, including claims regarding her dismissal as principal which are entirely unrelated to any claims against Smith Barney and the named defendants. This court has imposed sanctions upon McCutcheon for similar behavior in McCutcheon v. Foreman, No. 86-2529 (7th Cir. March 12, 1987) (unpublished order), and the conduct is no less sanctionable the second time around. The only non-frivolous claim is her challenge to the injunction imposed by the district court to preclude repetitive litigation. This is the first opportunity for McCutcheon to challenge that order, and we will not impose sanctions for the appeal of that issue. Accordingly, we award to all defendants who filed briefs in this court attorneys' fees and costs regarding all issues except the injunction of further suits. Those defendants shall file with the clerk of this court, within 15 days, statements of their costs and the attorneys' fees reasonably incurred in the defense of the other issues.
 
 
 11
 The decisions of the district court and the Executive Committee are AFFIRMED WITH SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record