In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3752

In the matter of LAMAR CHAPMAN III,

*Plaintiff-Appellant.*

Appeal from the Executive Committee of the
United States District Court for the
Northern District of Illinois.
No. 02 C 6581—**Charles P. Kocoras**, *Chief Judge.*

SUBMITTED APRIL 17, 2003*—DECIDED MAY 8, 2003

Before COFFEY, RIPPLE, and DIANE P. WOOD, *Circuit Judges.*

PER CURIAM. Lamar Chapman III appeals from an order of the Executive Committee of the United States District Court for the Northern District of Illinois imposing restrictions on his filing of civil suits in the district court. He argues that the Committee lacked jurisdiction to impose the restrictions and that its order impermissibly interferes with his right of access to the courts. We affirm the Committee's order.

---

* After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

**BACKGROUND**

Mr. Chapman is, to put it mildly, a prolific filer in this court and in the bankruptcy and district courts of the Northern District of Illinois. For purposes here we need not recite his extensive litigation history, as set forth in Judge Leinenweber's thorough opinion in *Chapman v. Charles Schwab & Co.*, Nos. 01 C 9697, 00 A 0358, and 00 B 5538, 2002 WL 818300 at *6-12 (N.D. Ill. April 30, 2002). During the course of one of Mr. Chapman's numerous lawsuits, Judge Leinenweber contemplated sanctioning him for his contumacious conduct (of filing a frivolous suit), but opted instead to refer the matter to the Executive Committee to consider entering a regulatory injunction to limit Mr. Chapman's ability to file repetitive and frivolous suits in the district. *Id.* at *13-14. In September 2002 the Executive Committee entered such an injunction directing that all materials Mr. Chapman tendered for filing in the district court (except those pertaining to criminal or habeas corpus matters) be screened and approved by the Committee before they are forwarded to the clerk for filing. The Committee also set up a "miscellaneous file," which the clerk of the district court assigned number 02 C 6581, as a depository for its regulatory order and any materials submitted by Mr. Chapman that are not approved for filing. Mr. Chapman challenges the Committee's order.

**DISCUSSION**

**1. Jurisdiction**

Before we turn to the merits of Mr. Chapman's claims of error, we must satisfy ourselves that we have jurisdiction to hear this appeal. Whether we can consider an appeal from the Executive Committee's order depends on whether its action imposing filing restrictions is considered judicial or administrative. In *In re Palmisano*, 70

F.3d 483 (7th Cir. 1995), we stated that we would lack jurisdiction over appeals from administrative actions of the Executive Committee, because the appropriate forum to challenge such actions is the circuit's Judicial Council. *Id.* at 484. However, if the order is a judicial action (like the disbarment of an attorney), we would have jurisdiction. *Id.* at 484-85. Although we have previously considered appeals from similar Executive Committee orders imposing filing restrictions, we did so without discussing jurisdiction. *See, e.g.*, *In re Davis*, 878 F.2d 211 (7th Cir. 1989).

We conclude that we have jurisdiction over this appeal because the Executive Committee of the U.S. District Court's imposition of filing restrictions on Mr. Chapman is a judicial action rather than an administrative action. Even though the Executive Committee is an "administrative arm" of the district court, *Palmisano*, 70 F.3d at 484, it is capable of exercising judicial power, *id.* at 485. We think that the Committee's action in prospectively controlling a litigant's filing abilities is most appropriately characterized as a judicial action, because it directly impacts his ability to access the court. Furthermore, such restrictions are referred to as "injunctions," *see Davis*, 878 F.2d at 212, which are judicial remedies. *See Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 207 (1944) ("the usual judicial remedies of injunction and award of damages"). Because we are convinced that the Executive Committee's imposition of filing restrictions is a judicial action under the general and inherent authority of the court to control and regulate its own affairs, *see Davis*, 878 F.2d at 212; *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 274-75 (7th Cir. 1986); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), we have jurisdiction over this appeal and can proceed to the merits of Mr. Chapman's arguments.

**2. Mr. Chapman's Claims of Error**

Initially Mr. Chapman asserts that the Executive Committee lacked jurisdiction to restrict his filings. He argues that the Committee was without personal jurisdiction and further failed to acquire personal jurisdiction over him because it neither filed a complaint against him to begin what he characterizes as new civil case number 02 C 6581, *see* Fed. R. Civ. P. 3, nor served him with a summons, *see* Fed. R. Civ. P. 4(b)(1). Mr. Chapman's argument, however, evinces a clear misunderstanding of the nature of the Committee's proceedings against him.

The matter numbered as 02 C 6581, entitled *In the Matter of Lamar Chapman III*, is not a new civil suit, as Mr. Chapman contends, but rather is an administrative file created by the district court as a repository for his submissions deemed unacceptable for filing, as well as any further orders issued by the Committee. Indeed, the Committee's action, rather than being a new civil lawsuit commenced against Mr. Chapman, is nothing but an extension of one of his numerous civil suits (which subjected him to the personal jurisdiction of the court) and an exercise of the court Committee's inherent power to manage and control the litigation coming before the district court. *See In re McDonald*, 489 U.S. 180, 184 n.8 (1989) ("'Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984))); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Davis*, 878 F.2d at 212-13. The Executive Committee, like an individual district judge, has the power to enter judicial orders, *Palmisano*, 70 F.3d at 485, such as injunctions, s*ee Steele* 323 U.S. at 207. We hold that the Committee was acting within its power to impose filing restrictions against Mr. Chapman, and his challenge to the Committee's jurisdiction is without merit.

Mr. Chapman also appears to assert that the Committee's order violates his right to access the courts. However, the right of access to the federal courts is not absolute, *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 674 (7th Cir. 1995); rather, an individual is only entitled to meaningful access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, the Committee's order does not bar the courthouse door to Mr. Chapman but, rather, allows him meaningful access while preventing repetitive or frivolous litigation. The order provides that the Committee will only deny Mr. Chapman leave to file "new civil cases" that "are legally frivolous or are merely duplicative of matters already litigated;" it does not affect his ability to defend himself in civil lawsuits brought against him. The order further provides that it is not to be construed to affect Mr. Chapman's ability to defend himself in a criminal action, to file a habeas corpus petition or other extraordinary writ, or to access this court or the Supreme Court of the United States. We have previously upheld an order imposing almost identical restrictions on a frequent filer, *see Davis*, 878 F.2d at 212-13, and Mr. Chapman has offered no reason to believe that the injunction will impede his ability to file nonfrivolous suits in the district court.

## CONCLUSION

We AFFIRM the order of the Executive Committee.

A true Copy:

      Teste:

           _____
           *Clerk of the United States Court of*
           *Appeals for the Seventh Circuit*