UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 4, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3237

| | |
|---|---|
| IN RE<br>   JOAN A. CONWAY, aka<br>JOAN A. CAVALIERI,<br>     *Appellant.* | Appeal from the Executive Committee of the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 05 C 3501<br><br>Charles P. Kocoras,<br>*Chief Judge.* |

## O R D E R

Joan Conway appeals from an order of the Executive Committee of the United States District Court for the Northern District of Illinois enjoining her from filing new civil actions without prior approval. The Executive Committee acted in response to Conway's many frivolous and often indecipherable lawsuits. As best we

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

can tell, Conway contends that the filing restriction violates her constitutional right to access the courts.

The right of access to the courts is not a right to bring frivolous lawsuits. *See, e.g., United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 674 (7th Cir. 1995); *Coleman v. Comm'r of Internal Revenue*, 791 F.2d 68, 72 (7th Cir. 1986). We have repeatedly rejected constitutional challenges to filing restrictions imposed against litigants who bring frivolous suits; so long as a restriction does not "bar the courthouse door" entirely, it will not impermissibly infringe a litigant's access to the courts. *See In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003); *In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369-70 (7th Cir. 1983). Here, the effect of the Executive Committee's order is to bar repetitive or frivolous litigation; Conway offers no reason to believe that the injunction will impede her ability to file nonfrivolous suits in the district court.

In her appeal of the Executive Committee's decision, Conway has demonstrated that there is a continued need to curtail her filings by submitting an incoherent brief and filing numerous frivolous motions with this court. An appeal that is lacking in substance or that simply rehashes positions that the district court properly rejected is frivolous, and we may impose sanctions. Fed. R. App. P. 38; *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 760 (7th Cir. 2005); *Berwick Grain Co., Inc. v. Illinois Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000). Accordingly, we order Conway to show cause within 10 days why she should not be required to pay a $1,000 sanction. If she does not respond within that time, or if she refuses to pay any sanction we might assess, we will enter an order instructing the clerks of all the federal courts in this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of Conway unless and until she pays in full the sanction that has been imposed against her. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam).

AFFIRMED.