In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-4429

IN RE:

KEVIN J. LONG,

*Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 5709—**Executive Committee of the
District Court**.

———————

SUBMITTED NOVEMBER 15, 2006—DECIDED JANUARY 31, 2007

———————

Before POSNER, COFFEY, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*. The Executive Committee of the U.S. District Court for the Northern District of Illinois has issued an order barring Kevin Long from access to the William J. Campbell Library, which is the public library in the Dirksen Federal Courthouse, where the district court as well as this court is housed. The order has the effect of an injunction and is therefore appealable to this court—provided it is judicial rather than administrative in character. *In re Chapman*, 328 F.3d 903, 904-05 (7th Cir. 2003) (per curiam); *In re Palmisano*, 70 F.3d 483, 484 (7th Cir. 1995).

The committee determined that "Long had, on two separate occasions, approached female externs and asked them to model for him. Additionally, Mr. Long has consistently defied other library rules. He refuses to print his name upon entering the library; he has been found in the CALR section of the library (clearly marked 'Court Personnel Only'); and he has entered the library through secure doors by following employees who have access to those entrances." The committee's order prohibits him from entering the library.

Long's appeal does not question the Executive Committee's authority to manage the library (nor need we consider its authority); rather he argues that by barring him from the library without notice and an opportunity for a hearing, the Executive Committee has deprived him of property without due process of law. We cannot consider the merits of the argument, because we do not have jurisdiction. The order excluding Long from the library is an administrative rather than a judicial order. No proceeding has been instituted against Long. The executive committee in excluding him was acting in a proprietary capacity, just like a restaurant that expels an unruly customer and forbids him to return. Such an action is not judicial; rather it is the kind of action that the person against whom it was taken might seek judicial redress for. Our jurisdiction is limited to review of judicial orders and of regulatory orders by administrative agencies.

Long's appeal is therefore

DISMISSED.

No. 05-4429                                                   3

A true Copy:

    Teste:

                      _____

                      *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*