NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019[*]
Decided February 7, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2038

| | |
|---|---|
| IN RE: JOHN V. NORRIS, <br> *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 18 C 2073 <br><br> Rubén Castillo, <br> *Chief Judge*. |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

## O R D E R

John Norris, a frequent filer of meritless litigation who was also found to have disrupted courtroom proceedings, appeals from two orders of the Executive Committee of the U.S. District Court for the Northern District of Illinois. The first order requires that the Marshals Service escort Norris whenever he is inside the federal courthouses in the Northern District of Illinois; the second requires that Norris obtain leave of court before filing new civil suits. Because the first order is not appealable and the second is a permissible response to Norris's litigious behavior, we dismiss in part and affirm in part.

Norris's removal from a federal courthouse prompted the first order. When Norris went to the courtroom of Judge Robert Dow, Jr., in March 2018 for a motion hearing in a pending case, the court's deputy told Norris that the judge had already denied the motion. Dissatisfied, Norris insisted that the judge hold another hearing. Eventually, the judge had courtroom security escort Norris out of the courthouse. Norris later responded by filing a judicial misconduct complaint, arguing that Judge Dow and the courtroom deputy should not have had him removed.

Over the next month, the Executive Committee issued its two orders. The first, entered just days after Norris's removal from the courthouse, recounts those events. The order notes that Norris became "loud" and "argumentative" with the courtroom deputy and "demanded" to speak with the judge. His "inappropriate conduct," the order says, raised safety concerns among the court, the Marshals Service, and the Clerk's Office. The order requires that Norris sign in with security if he returns to the Dirksen or Roszkowski federal courthouses and that the Marshals Service accompany him while in either building. The second order came three weeks later. It states that most of the 14 cases that Norris had previously filed in the district court were terminated because he had failed to state a claim, follow court orders, or prosecute the cases. The order requires Norris to seek leave from the Executive Committee to file any new civil complaint by certifying under oath that he has not previously litigated his proposed claims. This screening process does not cover criminal cases, petitions for a writ of habeas corpus, other extraordinary writs, or appeals. Norris timely appealed both orders. (About three weeks later, the Committee denied Norris's request to vacate these two orders, but Norris has not appealed that ruling.)

We first consider our jurisdiction over this appeal. The appealability of an order from an Executive Committee depends on whether it is judicial or administrative.

*See In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003). We have jurisdiction only over appeals from judicial actions of the Executive Committee; administrative actions are not appealable to this court, but only to this circuit's Judicial Council. *See id*.

The Committee's first order—requiring Norris to sign in upon his arrival at the federal courthouses and to remain with security while there—is administrative, so we lack jurisdiction to consider it. *See In re Long*, 475 F.3d 880, 880–81 (7th Cir. 2007). In *In re Long*, we ruled that an Executive Committee's order that barred a litigant from the courthouse's library after he defied the library's rules was administrative. We explained that the Committee was acting in a "proprietary capacity, just like a restaurant that expels an unruly customer and forbids him to return." *Id*. Similarly, the Committee administratively restricted Norris from moving unescorted within the courthouse because he was thought to be unruly. In addition, this order does not impinge on any constitutionally significant interest because it does not prevent his access to the courts. Therefore, we dismiss Norris's appeal from the first order.

We have jurisdiction to consider the merits of the Committee's second order because an order that restricts one's ability to file suit is judicial. *See In re Chapman*, 328 F.3d at 904–05. Norris argues that the Committee violated his due-process rights because it deprived him of his liberty interest in access to the courts without first providing him notice of the charges against him and a hearing in which to respond. But Norris is not deprived of *meaningful* access to the courts, which is the only legal interest that he may invoke. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *In re Chapman*, 328 F.3d at 905. The order prevents him from filing new civil actions that are "legally frivolous or are merely duplicative of matters already litigated." *See In re Chapman*, 328 F.3d at 905. The right to meaningful access to the courts does not include a right to file these cases. *Id.* And the order expressly leaves unhampered Norris's ability to defend himself in criminal court, to seek writs, or to appeal. These restrictions are consistent with the broad authority federal courts may use to curb abusive filing practices. *See In re Chapman*, 328 F.3d at 905; *Support Sys. Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995); *In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989).

Norris has three replies, but each is unavailing. First, he argues that the Committee should have granted him discovery under the Federal Rules of Civil Procedure before restricting his filings. But even if we assume that those rules apply to disciplinary proceedings, Norris does not say what discovery might have revealed or how he was prejudiced without it. Second, he argues that the Committee's restrictions were "retaliation" for his judicial misconduct complaint. This assertion is irrelevant to

the filing misconduct recounted in the order. Because that misconduct justified the filing restriction, *see In re Chapman*, 328 F.3d at 905, any alleged retaliation "had no effect" on the discipline. *See Greene v. Doruff*, 660 F.3d 975, 978 (7th Cir. 2011). Finally, Norris argues that Judge Dow and the courtroom deputy violated the judicial code of conduct when they had him removed from the courthouse. But a challenge to the outcome of his judicial complaint must proceed before the Judicial Council of this circuit. *See Guide to Judiciary Policy*, Vol. 2, Pt. E. § 320, Art. V.

AFFIRMED in part and DISMISSED in part