**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019[*]
Decided April 23, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3608

| | |
|---|---|
| IN RE: ROBERT M. KOWALSKI, *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | No. 18 C 7228 |
| | Rubén Castillo, *Chief Judge*. |

**O R D E R**

The Executive Committee of the United States District Court for the Northern District of Illinois issued an order requiring attorney Robert Kowalski to sign in upon entering the federal courthouses in the district and to be escorted by a United States Marshal while inside. Kowalski appeals that order, raising several constitutional arguments. But because the Executive Committee's order is not the result of judicial action, we dismiss the appeal for lack of jurisdiction.

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

According to the Executive Committee's order, it "became aware" that Kowalski "has been loud and disrespectful of the court and court personnel," "has become verbally combative with judges," and "often refuses to follow court procedures or respect the authority of the judge." On appeal, Kowalski disputes all these statements and challenges both the ex parte nature of the proceedings and the Executive Committee's power to enter the order restricting how he accesses the courthouses. The Committee, he argues, has "branded and silenced Attorney Kowalski as an enemy of the state," in violation of his constitutional rights to free speech, due process, confrontation, and trial by jury.

The Executive Committee can issue two types of orders: judicial and administrative. *See In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003); *In re Palmisano*, 70 F.3d 483, 484 (7th Cir. 1995). We have jurisdiction over appeals from the Executive Committee's judicial actions; administrative actions, on the other hand, are reviewed by this circuit's Judicial Council. *See Chapman*, 328 F.3d at 904. Here, the order requiring Kowalski to sign in and be escorted by a marshal while at the federal courthouses is administrative. *See In re Long*, 475 F.3d 880, 880–81 (7th Cir. 2007).

Kowalski tries to compare the order to other judicial actions, such as entering injunctions and imposing sanctions. *See Chapman*, 328 F.3d at 904–05 (filing restrictions are judicial actions); *Palmisano*, 70 F.3d at 484 (disbarment is judicial action). But no such order was issued against Kowalski. To curtail Kowalski's disruptive conduct, the Executive Committee issued the order in its "proprietary capacity, just like a restaurant that expels an unruly customer and forbids him to return." *Long*, 475 F.3d at 880–81. The order impacts only *how* Kowalski accesses the courthouses, not *whether* he may. *See id.* at 881. And although the Executive Committee threatened sanctions (which might include options that are judicial in nature) if Kowalski should fail to comply with its order, it has not yet done so.

We therefore lack jurisdiction to consider the order and DISMISS the appeal.