**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2019[*]
Decided May 10, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2164

| | |
|---|---|
| IN RE: CHERRON M. PHILLIPS, *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | No. 11 CV 776 |
| | Rubén Castillo, *Chief Judge*. |

## O R D E R

In this appeal, Cherron M. Phillips seeks review of an order restricting her filings and access to the courthouse. During proceedings in her brother's criminal case, Phillips repeatedly disrupted the court and filed numerous documents in that case, even though she was neither a party to it nor an attorney. As a result, in 2011 the Executive Committee for the Northern District of Illinois issued an order that limited her presence in the federal courthouse. It also "enjoined her from filing any new civil action" or "filing documents" in any case without leave of the Committee. The order allowed her

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

to seek its rescission after six months. After the order was issued, Phillips's filing misbehavior escalated. She tried to remove a different case to federal court as a delay tactic (to avoid a money judgment against her), and filed a dozen fraudulent liens against various government officials involved in her brother's prosecution (a crime for which she was convicted and is now incarcerated). Based on this misconduct, the Executive Committee denied her motion in 2017 to rescind the restrictions. She appeals that decision.

As a preliminary matter, we note that we have jurisdiction over this appeal because, as we have said before, an order of the Executive Committee for the U.S. District Court to restrict filing is a judicial action (over which we do have jurisdiction) and not an administrative action (over which we do not). *In re Chapman*, 328 F.3d 903, 904–05 (7th Cir. 2003); *Matter of Palmisano*, 70 F.3d 483, 484 (7th Cir. 1995).

Phillips argues that the Committee's order is invalid. She contends that its entry violated her due-process rights because it is a "contempt" order and she was not afforded the procedural protections of a contempt proceeding. She also argues that the order unfairly prejudices her ability to defend herself in criminal proceedings or to challenge her incarceration.

Phillips's arguments are unavailing. First, the order was not a contempt sanction. It is an injunction designed to preserve judicial resources, not a sanction issued to punish her. *See Chapman*, 328 F.3d at 904. Second, the order is substantively valid. The Executive Committee may enter orders that reasonably control and regulate the litigation before the district court. *See id.* at 905; *In re Davis*, 878 F.2d 211, 212–13 (7th Cir. 1989). The Committee therefore may enjoin persons with a history of disrupting the court by requiring that their filings be screened or by limiting their time in the courthouse—so long as doing so does not deprive that person of "meaningful access to the courts." *Chapman*, 328 F.3d at 905. The Committee's order explicitly preserves Phillips's ability "to defend herself in any criminal action," to file "a petition for a writ of habeas corpus or extraordinary writ," and to seek review in "the United States Court of Appeals or the United States Supreme Court." Moreover, the order does not bar Phillips from civil litigation; it requires only that her filings be screened by the Committee to ensure that they are not frivolous. Given Phillips's history of serious misbehavior and frivolous findings, we conclude that the Executive Committee did not abuse its discretion in issuing (and renewing) this order. *See, e.g., id.* (upholding the issuance of a similar Executive Order).

                                                                                                    AFFIRMED