**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2019[*]
Decided July 30, 2019

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1635

| | |
|---|---|
| IN RE: CHERRON M. PHILLIPS, *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | No. 11 CV 0776 |
| | Rubén Castillo, *Judge*. |

**O R D E R**

This is the second time this year that Cherron Phillips seeks review of an order restricting her filings and access to the courthouse. *See In re Phillips,* 18-2164 (7th Cir. May 10, 2019). To summarize, in 2011 the Executive Committee for the Northern District of Illinois responded to Phillips's disruptive courtroom behavior in two ways. First, it limited her presence in the federal courthouse in Chicago: she may enter "no

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

earlier than fifteen (15) minutes before" proceedings in her cases begin, and she must report to the lobby desk, be accompanied by a U.S. Marshal, and leave "no later than five (5) minutes" after her proceedings conclude. Second, it "enjoined her from filing any new civil action" or "filing documents" without leave of the Committee. The order allowed Phillips to seek its rescission after six months. In 2017, her filing misconduct had not abated, so the Committee denied her motion to rescind the restrictions, and we affirmed. *See id.* Two years later, she again moved to rescind the restrictions, and the Committee denied that request as well. She now appeals that decision.

As a preliminary matter, we note that we have jurisdiction over only part of this appeal. The Executive Committee can issue two types of orders: judicial and administrative. *In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003); *In re Palmisano*, 70 F.3d 483, 484–85 (7th Cir. 1995). We have jurisdiction over appeals from judicial actions (i.e., filing restrictions), not administrative actions (i.e., requiring a U.S. Marshal escort in the courthouse), which are reviewable only by this circuit's Judicial Council. *See Chapman*, 328 F.3d at 904. The order limiting Phillips's time in the courthouse and requiring the marshal escort is administrative. *See In re Long*, 475 F.3d 880, 880–81 (7th Cir. 2007). Thus, we have jurisdiction over only the filing restrictions. *See Chapman*, 328 F.3d at 904.

As she did in her last appeal, in asking us to rescind the restrictions, Phillips argues that the Committee's 2011 order is invalid. She seizes on a sentence in our earlier decision that called the Executive Committee's action "an injunction designed to preserve judicial resources." *Phillips*, No. 18-2164. Citing Rule 65(a) of the Federal Rules of Civil Procedure, she contends that the Committee violated her due process rights by entering this injunction without giving her proper notice or a hearing.

But the Committee respected Phillips's procedural rights in issuing the original order. "Due Process does not, of course, require that the defendant in every civil case actually have a hearing on the merits." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). The Committee's order does not deprive Phillips of life, liberty, or property, nor does it bar the courthouse door to her; without such deprivation, there is no due process violation. *See Chapman*, 328 F.3d at 905; *In re Davis*, 878 F.2d 211, 212–13 (7th Cir. 1989). And Rule 65(a) does not apply. It requires notice and a hearing only if a court enters a preliminary injunction in a civil action, *see* FED. R. CIV. P. 1, which this proceeding is not.

The Committee's order denying the motion to rescind was substantively proper. Courts have ample authority to curb abusive and repetitive litigation by imposing filing restrictions, so long as the restrictions are narrowly tailored to the nature and type of abuse. *See In re Anderson*, 511 U.S. 364, 365–66 (1994). The Executive Committee's filing restriction does not preclude or unduly burden Phillips from submitting new, nonfrivolous filings. *See Davis*, 878 F.2d at 213. It requires merely that the Clerk's Office screen her new civil filings. And it allows her to defend herself in criminal actions, file a habeas corpus petition or other extraordinary writ, or appeal to this court or the Supreme Court of the United States. *See, e.g., Chapman,* 328 F.3d at 905–06; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Given Phillips's past litigation history, her misconduct after the Executive Committee's 2011 order, *see Phillips,* 18-2164, and the absence of any assurance that her misconduct will stop, we see no flaw with the Committee's 2019 decision to reject Philips's motion to lift these filing restrictions.

We conclude by noting that Phillips has now twice challenged denials of motions to lift the filing restrictions by contesting only the validity of the Committee's original 2011 order. We now warn Phillips not to re-raise arguments about matters that we have already decided against her (or that she should have raised earlier). *See In re City of Chicago*, 500 F.3d 582, 585 (7th Cir. 2007); *Mack*, 45 F.3d at 186–87.

AFFIRMED