**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020[*]
Decided March 19, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3093

| | |
|---|---|
| KIEL R. STONE, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:19-cv-781 |
| JEFF ROSEBOOM, et al., | |
|     *Defendants-Appellees*. | Jon E. DeGuilio, *Judge*. |

## O R D E R

Kiel Stone, proceeding pro se, sued police officers, a city attorney, a jail warden, and others, alleging that they violated his constitutional rights after he was arrested. When he sued them, he was already restricted from filing such suits until he paid his outstanding fines from past litigation, so the district court dismissed the case without prejudice. That reasoning was correct, so we affirm.

---

[*] The defendants were not served with process and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Stone has filed many meritless lawsuits asserting that government agents are trying to monitor him, poison him, or both. In the 18-month period ending in May 2018, Stone filed 13 such actions in the Northern District of Indiana. *See Stone v. Glenn*, No. 3:19-CV-589, ECF No. 4, at 1–3 (N.D. Ind. Aug. 6, 2019) (collecting cases). Three times the court warned him that if he filed another meritless case, it would fine him and bar him from filing court papers until he paid his outstanding fines and fees. *See id.* at 4–7.

Stone did not heed those warnings, and he filed another similar suit. Stating that "[e]nough is enough," *id.* at 5, the district court dismissed that case, fined Stone $500, and "restricted [him] from filing in this court until he has paid in full all outstanding filing fees and sanctions imposed by any federal court." *Id.* at 7; *see Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). The restriction did not apply to any appeals or filings that contested imprisonment or confinement, and he could seek to modify or rescind the order in two years. *See Glenn*, No. 3:19-CV-589, ECF No. 4, at 7. He appealed, but after the district court denied him leave to proceed in forma pauperis, we dismissed the case for his failure to timely pay the docketing fee. *See Stone v. Glenn*, No. 19-2704, ECF No. 13 (7th Cir. Jan. 10, 2020).

Two weeks after the district court imposed the filing restriction, and without paying the $500 fine, Stone filed yet another suit—this one—that reprises allegations about clandestine government agents and those who are trying to poison him. Although the events underlying the suit occurred in New Carlisle, Indiana, Stone sued in the Western District of Michigan. Before screening the complaint, *see* 28 U.S.C. § 1915(e)(2)(B), the Western District of Michigan granted him leave to proceed in forma pauperis. It then transferred the case to the Northern District of Indiana, reasoning that venue was proper only there. That court dismissed the case because of his filing restriction. Citing one of his previous meritless suits that was similarly transferred to the Northern District of Indiana, *see Stone v. Bowman*, No. 3:18-CV-348, 2018 WL 2220291, at *2 (N.D. Ind. May 15, 2018), the court added that Stone "knows" he cannot file suits in other districts based on claims that arose in this district. Yet the court gave him the "benefit of the doubt" and refrained from finding that he had in fact filed this suit elsewhere to avoid the filing restriction. It therefore did not add to the $500 sanction already imposed and unpaid.

On appeal, Stone argues that the filing restriction is unreasonable and violates his right to due process because he "cannot file any more lawsuits" or conduct "any business" in the Northern District of Indiana. We will put to the side whether Stone has forfeited a challenge to the merits of the filing restriction by forgoing his earlier appeal;

he loses anyway. On the merits, *meaningful* access to the courts is the only legal interest he may invoke. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). And courts have ample authority to restrict meaningless—that is, frivolous—suits through filing restrictions, *see In re Anderson*, 511 U.S 364, 365–66 (1994); *see also Support Sys. Int'l, Inc.*, 45 F.3d at 186, as long as the restrictions are narrowly tailored to the litigant's conduct and do not bar the litigant from the courthouse completely. *See In re Chapman*, 328 F.3d 903, 906 (7th Cir. 2003); *see also* 45 F.3d at 186. That qualification is met here. The filing restriction arose because three warnings failed to deter Stone from ignoring the court's order to desist from frivolous filings, it is time-limited, and it excludes appeals, criminal actions, or other filings necessary to contest imprisonment or confinement.

In his appellate brief, Stone suggests that he purposefully filed this case outside the Northern District of Indiana to avoid "the whole unreasonable fine" that the court had imposed. The district court gave him the "benefit of the doubt" that this was not the case and did not fine him. Should he do so again, Stone may not be so lucky.

AFFIRMED