```
┌─────────────────────────────────────────────────┐
│            NONPRECEDENTIAL DISPOSITION            │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020*
Decided November 6, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 19-3015 & 20-1420

| | |
|---|---|
| IN RE: FELIPE N. GOMEZ<br>    *Respondent-Appellant.* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 19-D-19<br><br>Rebecca R. Pallmeyer,<br>*Chief Judge*. |

**O R D E R**

In this consolidated appeal, attorney Felipe Gomez challenges two disbarment orders from the Executive Committee for the Northern District of Illinois. The Committee twice had ordered Gomez's disbarment based on his pattern of sending

---

* We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

harassing and threatening communications to other lawyers. Because the Committee acted well within its discretion to impose such discipline, we affirm.

Gomez, who was licensed to practice law in 2004, was accused in April 2019 by the City Prosecutor of the City of Chicago of sending, through emails and voicemails, threatening and harassing communications to other attorneys. The Executive Committee for the Northern District of Illinois, which handles the court's disciplinary proceedings, sent Gomez a show-cause order, directing him to explain why he should not be disciplined for violating ABA Model Rules of Professional Conduct 4.4(a) and 8.4(d) (regarding prejudicial and inappropriate conduct). Gomez did not respond—he maintains that he never received the show-cause order—and in June 2019, the Committee, finding him in violation of the ABA's Model Rules, suspended him from practicing law in the district for four months.

In May and June 2019, the Committee received two more letters from local attorneys accusing Gomez of sending harassing and threatening emails. The Committee again ordered Gomez to show cause why he should not be further disciplined for violating the same two provisions of the ABA Model Rules. Gomez—who does not dispute that he received the new order—responded that his emails were not subject to discipline because, first, he had sent them in his capacity as a litigant and not as an attorney and, second, they were communications made in furtherance of settlement negotiations and thus protected under Federal Rule of Evidence 408.

In October, the Committee, invoking its authority to control abusive conduct before its court, see *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003), ordered Gomez disbarred for two years. The Committee agreed with Gomez's first argument in the context of ABA Model Rule 4.4(a) but determined that ABA Model Rule 8.4(d) was not limited to lawyers acting in the course of representing a client. As for Gomez's argument concerning Federal Rule of Evidence 408, the Committee found that the rule did not insulate harassing statements made during settlement negotiations from discipline. Gomez promptly appealed this order.

In November, Gomez sent to the Committee his own complaint charging two attorneys with misconduct, one of whom had reported him to the Committee six months earlier. The Committee rejected Gomez's complaint as meritless and ordered him again to show cause why he should not be further disciplined for making frivolous assertions against the two lawyers in violation of Rule 8.4(d). Gomez did not respond,

and in February 2020 the Committee extended the period for him to seek reinstatement by two more years.

Gomez then filed a second notice of appeal purporting to challenge several of the Committee's orders—from June 2019, October 2019, and February 2020—as well as a district court's minute entry from March 2019 in a civil suit involving one of the attorneys who reported him to the Committee.

We previously ruled that Gomez's attempt to appeal the March 2019 minute entry and June 2019 order were untimely and not reviewable. We also consolidated Gomez's two remaining appeals, which cover the Committee's orders of October 2019 (No. 19-3015) and February 2020 (No. 20-1420).

On appeal, Gomez challenges the Committee's October 2019 ruling by reprising his argument that the ABA Model Rules apply only to attorneys representing clients and not to him—a pro se litigant who "happen[ed] to be an attorney." But he does not meaningfully contest the Committee's determination that Rule 8.4(d) can extend to lawyers' conduct beyond the representation of a client. Rule 8.4(d) is broadly worded, prohibiting lawyers from engaging "in conduct that is prejudicial to the administration of justice," and courts have applied the rule to lawyers outside the context of client representation. See Ellen J. Bennett & Helen W. Gunnarsson, *Annotated Model Rules of Professional Conduct*, CTR FOR PROF. RESP. (9th ed. 2019) (collecting cases). Given the deference we afford disbarment orders, see *In re Palmisano*, 70 F.3d 483, 488 (7th Cir. 1995), we regard the Committee's application of that rule to be within its discretion.

Gomez next challenges the Committee's February 2020 order on grounds that it disciplined him merely on the basis of a letter that he wrote to the Committee. This challenge is frivolous. The Committee had no other evidence to consider because Gomez did not respond to its Rule to Show Cause.

Lastly, to the extent Gomez seeks to challenge the June 2019 order (he asserts, for instance, that his failure to receive the initial show-cause order somehow voids the subsequent show-cause orders), we lack jurisdiction to review the order because he did not appeal it until well after the 60-day deadline. See FED. R. APP. P. 4(a)(1)(B)(i); *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

We have considered Gomez's other arguments, and none has merit.[1]

AFFIRMED

---

[1] Gomez is not a member of the Seventh Circuit bar, so we do not need to take separate action.