**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2021[*]
Decided January 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 20-2090 & 20-2534

| | |
|---|---|
| IN RE ABDUL AZEEM MOHAMMED, *Respondent-Appellant*. | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | No. 20 C 3479 |
| | Rebecca R. Pallmeyer, *Chief Judge*. |

**O R D E R**

Abdul Mohammed, a frequent litigator of meritless cases, appeals a filing restriction imposed by the Executive Committee of the United States District Court for the Northern District of Illinois. Because the Executive Committee reasonably disciplined Mohammed for abusive litigation practices, we affirm.

---

[*] We have agreed to decide the appeals without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Mohammed has filed at least fourteen cases in the Northern District of Illinois since February 2016, all of which have been dismissed for reasons including failure to state a claim, lack of subject-matter jurisdiction, and frivolousness. Mohammed's cases mostly stem from domestic-relations disputes. The various defendants have included legal aid and nonprofit organizations that provided services to his ex-wife, administrators at his children's school who reported suspicions of abuse, and dozens of state and federal judges who dismissed his claims or otherwise ruled against him. In June 2020, a defendant in one of Mohammed's cases (against the State of Illinois, a school district, several nonprofit entities, and 40 individuals) filed a motion with the Executive Committee to declare Mohammed a vexatious litigant. The Executive Committee entered an initial filing restriction on June 17, 2020, that prevented Mohammed from filing any new civil actions without obtaining leave from the Committee (minus judges before whom Mr. Mohammed had active cases, who recused themselves). It also disabled his access to electronic filing.

Another defendant soon moved to declare Mohammed a vexatious litigant. After reviewing the filings and Mohammed's litigation history, the Executive Committee determined that his "efforts in this District have become burdensome to the Committee, straining the resources of the Court and the Clerk's Office." Its order from August 13, 2020, provides that "for a period of 12 months from the date of this order, any complaints, motions, or presentments received from Abdul Mohammed shall be discarded unfiled."

Mohammed appealed both the June and August orders, and we consolidated the appeals for decision. Mohammed generally asserts that the filing restrictions violate his constitutional rights to due process and access to the courts. He also argues that the orders should be vacated because, he contends, none of his lawsuits demonstrates a malicious or vexatious intent.

We have jurisdiction to review a filing bar entered by the Executive Committee because it is a judicial (rather than administrative) action. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). Courts possess ample authority to curb abusive and frivolous filings, so long as the sanction is tailored to the abuse. *In re Anderson*, 511 U.S. 364, 365 (1994); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). The Executive Committee reasonably determined that Mohammed's abusive litigation practices were straining court resources and that this bar is necessary to curb his behavior. To give a few examples: In one case, Mohammed filed a fifth amended complaint that totaled over 1000 pages (accompanied by nearly 3000 pages of exhibits). When dismissing the

complaint for failing to state a claim, the judge noted Mohammed's history of willfully defying its orders. A different judge dismissed another one of Mohammed's cases as an inherent sanction because of his consistent and serious misconduct towards the defendants, including implicitly threatening violence at a deposition. We recently affirmed that result. *See Mohammed v. Anderson*, No. 19-2728, 2020 WL 6495522, at \*2 (7th Cir. Nov. 5, 2020). In response, Mohammed named both of those judges as defendants in another case, which also included as defendants judges from this court who did not rule in Mohammed's favor on appeal. He alleged bias and due process violations; the district court dismissed the case on judicial-immunity grounds and as an improper attempt to collaterally attack earlier civil judgments. Given this history, the Committee reasonably restricted Mohammed's ability to file more lawsuits. *See, e.g.,* *In re City of Chicago*, 500 F.3d 582, 585 (7th Cir. 2007) (explaining that due process does not entitle a litigant to the right to be heard "on the same question over and over").

Moreover, the Committee's order is not an absolute filing bar. It allows Mohammed to defend himself in any criminal action, file a petition for a writ of habeas corpus or other extraordinary writ, or appeal to this court or the Supreme Court. *See, e.g.*, *In re Chapman*, 328 F.3d at 905. And it is not a permanent bar; Mohammed can request that the Committee modify or rescind his restrictions after twelve months. *See Mack*, 45 F.3d at 186 (upholding filing bar when restricted litigant could move to modify or rescind bar after two years). Indeed, Mohammed has bigger problems now: We also recently imposed a filing restriction for his record of frivolous appeals. He is now barred from "proceeding in forma pauperis in any new or pending case, in the district court or court of appeals, until he has paid, in full, all outstanding fees and costs for all of his lawsuits." *See Mohammed v. National Labor Relations Board*, No. 20-3178 (order of Jan. 11, 2021).

We have reviewed Mohammed's other arguments, and none has merit.

AFFIRMED