NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021[*]
Decided July 5, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2689

IN RE: ANDREW W. SHALABY,

    *Appellant.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 1:20-cv-04315

**Rebecca R. Pallmeyer**,
*Chief Judge*.

## O R D E R

This appeal has been deemed successive to No. 19-2369, in which we affirmed a decision by the Executive Committee of the United States District Court for the

---

[*] The panel that decided appeal no. 19-2369 is treating this appeal as successive under this court's Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

Northern District of Illinois denying district bar admission to Andrew Shalaby. *In re Shalaby*, 775 F. App'x 249 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 957 (2020). That denial had been based on a detailed 48-page order issued by Judge Reinhard revoking Mr. Shalaby's admission *pro hac vice* in a pending civil case, *Bailey v. Worthington*, No. 16-cv-07548, based on multiple misrepresentations Mr. Shalaby had made to the court.

In this successive appeal, Mr. Shalaby challenges several different actions of the Executive Committee regarding his admission to the bar of the Northern District of Illinois. He also challenges several actions taken by judicial officers in the still-pending *Bailey* case. We have reviewed Mr. Shalaby's brief and the record. The Executive Committee has not responded to this appeal. As explained below, we affirm the Executive Committee's denial of Mr. Shalaby's second application for admission to the district court's general bar. We dismiss the remainder of the appeal for lack of jurisdiction.

I.        *Factual and Procedural Background*

Mr. Shalaby is a member of the California bar. He was admitted *pro hac vice* to represent the plaintiff Bailey in his product liability action against Worthington. Mr. Shalaby came to the conclusion that the magistrate judge assigned to the case, Iain D. Johnston, should have disqualified himself from the case because he had previously been a lawyer with the firm representing defendant Worthington in the case. (In the meantime, in 2020 Judge Johnston was appointed as a United States District Judge for the Northern District of Illinois.)

In the *Bailey* case, the defendant moved to revoke Mr. Shalaby's *pro hac vice* admission on the ground that he had failed to disclose prior disciplinary action in a bankruptcy court in California. District Judge Reinhard, presiding in the *Bailey* case, ultimately revoked Mr. Shalaby's *pro hac vice* admission. See *Bailey v. Bernzomatic*, Order, Dkt. No. 402, No. 16-cv-07548 (N.D. Ill. Feb. 1, 2019).

Mr. Shalaby responded to that revocation by applying for general admission (i.e., not just *pro hac vice*) to the bar of the Northern District of Illinois. The Executive Committee denied his 2019 application, finding that the misconduct found and documented by Judge Reinhard showed that Mr. Shalaby did not satisfy the district's standards for character and fitness to practice law. We affirmed that denial in the previous appeal, No. 19-2369. In 2020, Mr. Shalaby again applied for general admission. The Executive Committee again denied his application, and in this appeal Mr. Shalaby

challenges that 2020 denial and several other actions by the Executive Committee and by the judges presiding over the *Bailey* action.

II.      *Appellate Jurisdiction*

We must start with the question of our own jurisdiction. Mr. Shalaby's notice of appeal covers two orders: one issued September 2, 2020, denying his application for admission to the bar of the Northern District of Illinois, and another order issued July 23, 2020, directing that Mr. Shalaby be accompanied by a U.S. Marshal or deputy marshal during any in-person visits to the federal courthouses in the Northern District of Illinois. This court directed Mr. Shalaby to explain the basis for appellate jurisdiction, particularly with respect to the July 23 order. He provided an explanation in his brief.

We have jurisdiction to hear Mr. Shalaby's appeal from the denial of his application for bar admission. As we said in his prior appeal, we treat filing restrictions and denials of bar memberships as judicial actions, not administrative actions, so appeal offers an appropriate remedy. See *In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003) (Executive Committee's filing restrictions were judicial actions subject to appeal); *In re Palmisano*, 70 F.3d 483, 484–85 (7th Cir. 1995) (Executive Committee's disbarment of attorney from district court bar was judicial act subject to appeal).

The unusual order that Mr. Shalaby be accompanied by U.S. Marshals is another story. It does not actually limit his access to the courts and their power to adjudicate cases in which Mr. Shalaby is a party or counsel. He still has access to the courts, but with an escort for security reasons. This order is more akin to the order in *In re Long*, 475 F.3d 880 (7th Cir. 2007), where the Executive Committee barred a person from access to the court library in the Dirksen courthouse in Chicago based on various incidents of refusal to behave appropriately in the library. See also *In re Kowalski*, 765 F. App'x 139 (7th Cir. 2019) (dismissing appeal of similar order requiring attorney to be escorted inside courthouse), *cert. denied*, 140 S. Ct. 266 (2019). We therefore do not have appellate jurisdiction to consider the escort order. To the extent Mr. Shalaby also challenges a separate order requiring him to communicate with the court by U.S. mail rather than electronic mail, we similarly lack appellate jurisdiction to review such an administrative order. Mr. Shalaby's brief also seeks relief from this court setting aside as void several orders entered in the *Bailey* case (see Appellant's Br. at 45), and in the absence of a final appealable judgment in that case, we also lack jurisdiction over those orders.

III.    *Role of Magistrate Judge on Executive Committee*

On the merits, Mr. Shalaby argues that the membership of a magistrate judge on the Executive Committee undermines the validity of the order denying him admission. Under the local rules and internal operating procedures of the Northern District of Illinois, most matters of court administration and management, including issues of bar admission and discipline, are delegated to the Executive Committee. The committee includes the chief district judge and five other district judges, as well as the presiding magistrate judge of the district. Under the Northern District's operating procedures, the chief district judge does not vote unless the vote is otherwise tied. IOP-02(c).

Mr. Shalaby asserts in this appeal that, at least to the extent the Executive Committee acts on judicial matters within our appellate jurisdiction, including bar admissions, having a magistrate judge participate with voting power without the consent of affected parties violates 28 U.S.C. § 636(c). Under section 636(c), a magistrate judge may, with the consent of all parties, exercise the powers of a district judge in a civil case. Without that consent of all parties, the magistrate judge's powers are the more limited ones granted under other provisions of section 636. As Mr. Shalaby sees the problem, the Executive Committee exercised judicial powers in denying his bar admission, and the participation of a magistrate judge in that decision without his consent invalidates the whole decision.

We addressed a similar issue in *Palmisano*, where we addressed the membership of the clerk of court on the Executive Committee when it acted to discipline an attorney. The clerk is an *ex officio*, non-voting member of the Executive Committee. We rejected the challenge in *Palmisano*, finding no reason why the voting judges could not take advice from the clerk as from any other member of the court staff. 70 F.3d at 485.

This case is different from *Palmisano* to the extent that the presiding magistrate judge is a voting member of the Executive Committee. We are confident, however, that Mr. Shalaby's application for bar admission is not a "civil matter" subject to section 636(c). And while we do not question the power of the district judges to include the presiding magistrate judge in the governance of the court, we need not resolve any broader questions about the Northern District's decision to bestow voting power on the presiding magistrate judge for matters of court governance. There is no evidence of any disagreement among the voting members in Mr. Shalaby's case, let alone a tie-breaking vote by the chief district judge. The presiding magistrate judge's vote could not have been decisive in this case. The composition of the Executive Committee therefore offers no reason to question the validity of its decision on Mr. Shalaby's application.

IV.    *Other Issues*

Mr. Shalaby reprises in this appeal some arguments that we rejected in the prior appeal. We rejected his theory that denial of his bar admission violated his free speech rights. He argues in this appeal that the denial violated his "freedom of thought," but that label adds nothing to the First Amendment argument that we rejected. He also argues that he has improperly been subjected to multiple punishments for the same conduct. Denial of bar admission is not, however, a criminal punishment subject to the Double Jeopardy Clause. Merely submitting successive applications for bar admission does not require the Executive Committee to disregard Mr. Shalaby's track record when deciding whether he has shown good character and is fit to practice law in the district. See N.D. Ill. LR 83.10(a).

Mr. Shalaby also argues that the Executive Committee failed to comply with some of the procedural requirements for attorney discipline. Those arguments are off-target, however, because bar admission is distinct from bar discipline. Different procedures and rules govern admission and discipline. Mr. Shalaby has not shown any procedural defect in the denial of his application for bar admission.

We have considered Mr. Shalaby's other arguments and requests for relief, and they are all without merit and/or beyond our jurisdiction in this appeal.

The Executive Committee order of September 2, 2020, denying Mr. Shalaby's application for admission to the general bar of the Northern District of Illinois is hereby AFFIRMED. To the extent Mr. Shalaby has sought other relief in this appeal, the remainder of the appeal is DISMISSED for lack of appellate jurisdiction.